IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CAREMARKPCS HEALTH, L.P., a Delaware Limited Partnership, ) ) ) ) Plaintiff, ) ) ) ) vs. ) ) ) WALGREEN CO., AN ILLINOIS ) CORPORATION ) ) ) Defendant. ) ) | Case No. 07-C-6272<br>Hon. Mark Filip |

**DEFENDANT WALGREEN CO.'S MOTION TO DISMISS
OR, IN THE ALTERNATIVE, TO STAY PENDING ARBITRATION**

In its Verified Complaint for Injunctive Relief, plaintiff CaremarkPCS Health, L.P. ("Caremark") alleges that defendant Walgreen Co. ("Walgreens") breached an agreement with Caremark's alleged predecessor, PCS Health Systems, Inc. (Cmplt. ¶¶ 36-40.)  On its face, that agreement contains a clear and unambiguous arbitration provision that precludes plaintiff from filing suit and asserting its claims in this forum. (Cmplt., Ex. 3, § 9.5.)  Accordingly, Walgreens respectfully requests that this Court enforce the terms of the contract that is the purported basis of plaintiff's claims, and dismiss (or in the alternative stay) these proceedings until such time that the parties can complete the agreed-upon arbitration.

In further support of this motion, Walgreens states as follows:

1. The complaint alleges that, on January 3, 2001, Walgreens entered into a written

Provider Agreement with the predecessor of plaintiff Caremark.[1]  (Cmplt. ¶ 8).

2. Under the terms of the Provider Agreement, the parties agreed that "***any*** and ***all*** controversies in connection with or arising out of this Agreement will be exclusively settled by arbitration before a single arbitrator in accordance with the Rules of the American Arbitration Association….This Section 9.5 and the parties' rights hereunder shall be governed by the Federal Arbitration Act, 9 U.S.C. §§ 1 et seq."  (Cmplt., Ex. 3, § 9.5) (emphasis supplied).

3. Plaintiff asserts that its claims against Walgreens arise out of the Provider Agreement.  Indeed, plaintiff's complaint explicitly seeks to enforce alleged provisions in the "Provider Agreement between Caremark and Walgreens."  (Cmplt. ¶ 1.)

4. Federal law requires arbitration of this dispute.  The Federal Arbitration Act makes clear that an arbitration clause in a contract "***shall*** be valid, irrevocable, and enforceable . . . ."  9 U.S.C. § 2 (emphasis supplied).  The FAA applies to plaintiff's claims if (i) there is a written agreement to arbitrate, and (ii) the transactions involve interstate commerce.  9 U.S.C. § 2; *see Allied-Bruce Terminix Cos. v. Dobson*, 513 U.S. 265, 274 (1995); *Zechman v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 742 F. Supp. 1359, 1363, n.4 (N.D. Ill. 1990); *Security Ins. Co. of Hartford v. Midwest Indem. Corp.*, 1999 WL 39544, at *1-2 (N.D. Ill. Jan. 20, 1999).

5. There can be no doubt that the two requirements of the FAA are satisfied here. Plaintiff's complaint plainly arises under or relates to the Provider Agreement, which contains an express written arbitration provision.  (Cmplt. ¶¶ 36-40.)  In addition, the transactions alleged by plaintiff involve interstate commerce.  (*Id.* ¶¶ 28-31 (alleging notice to terminate participation in pharmacy benefit plans covering Wisconsin, Chicago, and Eastern Pennsylvania)).

6. The FAA embodies a "liberal federal policy favoring arbitration agreements."

---

[1] For the record, Walgreens disagrees with the material allegations of plaintiff's Complaint.

*Green Tree Financial Corp. Ala. v. Randolph*, 531 U.S. 79, 91 (2000) (citations omitted); *Shearson/American Express v. McMahon*, 482 U.S. 220, 225 26 (1987) (FAA "establishes a federal policy favoring arbitration" and requires courts to "rigorously enforce agreements to arbitrate"). According to the Supreme Court, the FAA "establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983); *Snyder v. Smith*, 736 F.2d 409, 417 (7th Cir. 1984) ("[A]ny questions as to whether an issue is arbitrable are to be resolved in favor of arbitration.").

7. The FAA gives courts no discretion to refuse to order arbitration that has been agreed to by the parties. *See Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213, 218 (1985). Thus, if a plaintiff files a lawsuit asserting claims that it previously agreed to arbitrate, the defendant is entitled to an order requiring arbitration. *See* 9 U.S.C. §§ 3-4. Courts should order arbitration "unless it may be said with positive assertions that the arbitration clause is not susceptible of an interpretation" that would include the claim at issue. *Kiefer Specialty Flooring, Inc. v. Tarkett, Inc.*, 174 F.3d 907, 909 (7th Cir. 1999).

8. Here, plaintiff's Complaint plainly arises out of the Provider Agreement, as confirmed by plaintiff's own allegations. (Cmplt. ¶¶ 36-40.) Courts construe arbitration clauses using the term "arising out of" – the same term that is used in the Provider Agreement – broadly and require a party to arbitrate claims like those asserted by plaintiff here. *See, e.g., Sweet Dreams Unlimited, Inc. v. Dial-A-Mattress Int'l, Ltd.*, 1 F.3d 639, 642 (7th Cir. 1993) (arbitration clause for claims "arising out of" a contract applies to "all disputes having their origin or genesis in the contract, whether or not they implicate interpretation or performance of the contract per se").

3

9. Plaintiff cannot on the one hand seek to enforce the terms of a contract when it comes to certain terms, while on the other hand seek to evade the explicit contractual term that calls for arbitration as the exclusive method of dispute resolution. The law does not allow for such selective enforcement of contractual provisions.

WHEREFORE, in light of the foregoing, this Court should honor the contract's terms and dismiss, or in the alternative stay, this action pending arbitration.

Respectfully submitted,

/s/ Andrew B. Bloomer, P.C.
Richard C. Godfrey, P.C.
(ARDC # 3124358)
Andrew B. Bloomer, P.C.
(ARDC # 6209756)
Michael Duffy
(ARDC # 6272163)
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601
Telephone:    (312) 861-2000
Facsimile:    (312) 861-2200

ATTORNEYS FOR DEFENDANT
WALGREEN CO.

## **CERTIFICATE OF SERVICE**

The undersigned attorney states that he caused a true and correct copy of the above-described MOTION OF DEFENDANT WALGREEN CO. TO DISMISS OR, IN THE ALTERNATIVE, TO STAY PENDING ARBITRATION to be served upon the following attorneys of record for plaintiff, by messenger and via email, on November 7, 2007, at the following address:

>Howard M. Pearl
>Peter J. Kocoras
>Courtney M. Oliva
>WINSTON & STRAWN LLP
>35 West Wacker Drive
>Chicago, Illinois 60601
>(312) 558-5700 (facsimile)
>hpearl@winston.com
>pkocoras@winston.com
>coliva@winston.com

/s/ Andrew B. Bloomer, P.C.