# WINSTON & STRAWN LLP

43 RUE DU RHONE
1204 GENEVA, SWITZERLAND

BUCKLERSBURY HOUSE
3 QUEEN VICTORIA STREET
LONDON, EC4N 8NH

333 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-1543

HOWARD M. PEARL
(312) 558-5269
hpearl@winston.com

35 WEST WACKER DRIVE
CHICAGO, ILLINOIS 60601-9703

(312) 558-5600

FACSIMILE (312) 558-5700

www.winston.com

200 PARK AVENUE
NEW YORK, NEW YORK 10166-4193

21 AVENUE VICTOR HUGO
75116 PARIS, FRANCE

101 CALIFORNIA STREET
SAN FRANCISCO, CALIFORNIA 94111-5894

1700 K STREET, N.W.
WASHINGTON, D.C. 20006-3817

November 13, 2007

**VIA HAND & E-MAIL DELIVERY**
The Honorable Mark Filip
United States District Court for the Northern District of Illinois
219 South Dearborn Street
Chicago, IL 60604

Re: *CaremarkPCS Health, L.P. v. Walgreen Co.*, (No. 07 C 6272)

Dear Judge Filip:

CaremarkPCS Health, L.P. ("Caremark") responds as follows to the Court's questions:

**I. Nothing in the Provider Agreement Prevents Enjoining Walgreens' Premature Termination in order to Protect the Public Interest.**

Section 7.1 of the Provider Agreement does not even address the issue of preliminary injunctive relief. In fact, the limitation on damages is completely consistent with the grant of a TRO because it demonstrates the absence of an adequate remedy at law for many important consequences of a breach. If Walgreens wishes to imply a term in the contract that limits preliminary injunctive relief, it must do so in arbitration. *See Flenders Corp. v. Techna-Quip Co.*, 953 F.2d 273, 277 (7th Cir. 1992) (holding that when the underlying dispute is "within the ambit of the arbitration agreement, resolution of that dispute is for the arbitrator"); *Mostow v. Hinsdale Township High School District 86*, 2006 WL 2505798 at *3 (No. 06 C 4505) (N.D. Ill. Aug. 25, 2006) (declining to rule on period of limitation's impact given that request for TRO was in a "preliminary stage" and plaintiffs demonstrated sufficient likelihood of success on the merits).

The irreparable harm to the plan participants is sufficient to establish the type of irreparable harm necessary to issue a TRO, even if the Court or an arbitrator ultimately were to find that Caremark's claim of irreparable harm is barred by this clause. At the heart of the requirement that courts consider harm to the "public interest" when weighing injunctive relief is the fact that no matter what parties agree to among themselves, their actions may be enjoined if their conduct threatens to harm the public. *See NewLife Homecare, Inc. v. Express Scripts, Inc.*, 2007 WL 1314861, at *9 (3:07cv761) (M.D. Pa. May 4, 2007) (the court explicitly considered the possibility that the "health and well-being of at least fifty innocent NewLife patients" would

**WINSTON & STRAWN** LLP

Hon. Mark Filip
November 13, 2007
Page 2 of 3

be "seriously jeopardized if their access to medications and other medical products [was] interrupted"); *Indiana Farm Bureau Cooperative Assoc. v. United States Dept. of Energy*, 1981 WL 1274, at *4-5 (No. IP 81-424-C) (S.D. Ind. June 8, 1981) (denying injunctive relief because entities other than the parties would be substantially harmed). Sacrificing public welfare on the altar of private contracts, as Walgreens seeks to do here, offends the paramount purpose of injunctive relief -- public protection.

**II.     Caremark is a Party to the Provider Agreement.**

Caremark became a party to the Provider Agreement when it succeeded PCS Health Systems, Inc. on March 24, 2004.[1] *See CSX Transportation, Inc. v. Chicago And North Western Transportation Co.*, 62 F.3d 185, 187 (7th Cir. 1995) (noting that where one corporation succeeds another it "succeeds to the rights and obligations of the [predecessor] under [a] contract" between predecessor and a third party); *Allen v. Honeywell Retirement Earnings Plan, et al.*, 382 F. Supp. 2d 1139, 1165 (D. Ariz. 2005) (same).

Since August 1, 2004, Walgreens has been submitting claims for payment under the Provider Agreement to Caremark's sole member, Caremark Rx, L.L.C. and its predecessor; Caremark pays Walgreens directly for those claims. (Madsen Aff. at Ex. 2 ¶ 3). Such conduct by Walgreens waived its present objection to the Provider Agreement's assignment and enforceability, and the enforceability of its amendments. *See Dearborn Indus. Mfg. Co. v. Soudronic Finanz AG*, 1996 WL 467245, at *3 (No. 95 C 4414) (N.D. Ill. Aug. 13, 1996) ("A party can establish ... waiver by acting in such a manner that indicates that strict compliance with the provision is not required.").

**III.    Caremark Has Suffered Direct Damages from Walgreens' Breach.**

Direct damages "refer to those which the party lost from the contract itself -- in other words, the benefit of the bargain[.]" *Penncro Associates, Inc. v. Sprint Spectrum, L.P. d/b/a Sprint PCS*, 499 F.3d 1151, 1156 (10th Cir. 2007). Caremark has lost the benefit of its bargain: a thirty-day notice period in which to make an orderly transition. It is impossible to quantify precisely the economic value of this notice provision, but Caremark did incur specific damages. Caremark already has spent in excess of $75,000 in enhanced notice procedures attributable to the reduced time period, including letters and 15,000 phone calls to plan participants, with a great deal more work to follow. Caremark intends to provide financial consideration to impacted clients to mitigate the impact to the plan participants caused by the need to transfer their prescriptions to another network pharmacy without sufficient notice and/or transition time. This consideration will help facilitate retail access to prescriptions despite the disruption caused by the short notice period. (Madsen Aff. at Ex. 2 ¶¶ 4-8).

Finally, Caremark complied with the notice requirements of the contract. *See* Exhibit 3, attached affidavit of Brian Correia, and exhibits thereto.

---

[1] Certified copies of the relevant Certificates of Amendments and Amendments filed with the State of Delaware, and attached hereto as Ex. 1, clearly show that Caremark is the successor entity to PCS Health Systems, Inc.

**WINSTON & STRAWN** LLP

Hon. Mark Filip
November 13, 2007
Page 3 of 3

                                                          Very truly yours,

                                                          *Howard M. Pearl*

                                                          Howard M. Pearl
                                                          Attorney for Plaintiff CaremarkPCS Health, L.P.

Attachments
cc:    Andrew B. Bloomer, counsel for Defendant Walgreen Co. (via e-mail, w/ attachments)
       Michael A. Duffy, counsel for Defendant Walgreen Co. (via e-mail, w/ attachments)