# WINSTON & STRAWN LLP

43 RUE DU RHONE
1204 GENEVA, SWITZERLAND

BUCKLERSBURY HOUSE
3 QUEEN VICTORIA STREET
LONDON, EC4N 8NH

333 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-1543

35 WEST WACKER DRIVE
CHICAGO, ILLINOIS 60601-9703

(312) 558-5600

FACSIMILE (312) 558-5700

www.winston.com

200 PARK AVENUE
NEW YORK, NEW YORK 10166-4193

21 AVENUE VICTOR HUGO
75116 PARIS, FRANCE

101 CALIFORNIA STREET
SAN FRANCISCO, CALIFORNIA 94111-5894

1700 K STREET, N.W.
WASHINGTON, D.C. 20006-3817

PETER J. KOCORAS
(312) 558-5683
pkocoras@winston.com

November 20, 2007

**VIA HAND AND E-MAIL DELIVERY**
The Honorable Mark Filip
United States District Court for the Northern District of Illinois
219 South Dearborn Street
Chicago, IL  60604

Re:  *CaremarkPCS Health, L.P. v. Walgreen Co.*, No. 07 C 6272

Dear Judge Filip:

This letter is in response to defendant Walgreen Co.'s ("Walgreens'") letter of November 16 concerning entry of the proposed Temporary Restraining Order submitted by plaintiff CaremarkPCS Health, L.P. ("Caremark").

Caremark strongly disputes Walgreens' assertion that Walgreens has decided to "voluntarily" extend the termination date of Walgreens' participation in the four health benefit plans identified in Caremark's Verified Complaint. The Court granted Caremark's emergency motion for a temporary restraining order on November 13 after argument and extensive briefing from the parties. Thus, a temporary restraining order already has been entered by the Court and remains in effect – a fact which Walgreens ignores in its letter.

Walgreens has no choice but to comply with the Court's ruling. Walgreens' purported "voluntary" decision to extend the termination date, announced in a publicly filed document three days after the Court granted Caremark's emergency motion, does not render this case moot. Walgreens is, in effect, requesting that the Court reverse its prior ruling and dissolve the existing temporary restraining order. There is no legal basis for such a request.

Caremark's emergency motion was necessary because, as set forth in the Verified Complaint and exhibits thereto, Walgreens refused to adhere to its contractual obligation to provide Caremark with thirty days' notice of termination of its participation in the health benefit plans. Walgreens vigorously opposed Caremark's emergency motion for a temporary restraining order, raising several arguments in opposition in multiple memoranda of law and a motion to dismiss Caremark's complaint.

WINSTON & STRAWN LLP
Hon. Mark Filip
November 20, 2007
Page 2 of 2

Walgreens' opposition to providing thousands of plan participants the thirty days they needed in order to transfer their prescriptions from Walgreens to a new pharmacy was not formalistic; instead, it was quite strident. Walgreens insisted that Caremark's allegations that plan participants would be harmed by Walgreens giving them only ten days' notice that Walgreens would no longer honor their insurance in filling their prescriptions were "misguided" and "unsupported,"[1] notwithstanding the admission by its counsel that "I don't think anyone would disagree with the idea that one can contemplate dire situations for any particular person" that would result from the ten-day notice period that Walgreens insisted was all it would offer these participants.[2] Walgreens also severely chastised the health benefit plans for their communications with their participants concerning the potential harm that would arise from Walgreens' insistence on denying the participants thirty days' notice of their need to change pharmacies, describing these communications as "the most intemperate and improper language, perhaps as a tactic to influence the outcome of this case and the ongoing negotiations between Caremark and Walgreens."[3]

Walgreens' purported "voluntary" decision to comply with the Court's ruling does not obviate the need for an order that meets the requirement of Fed. R. Civ. P. 65(d). Caremark is requesting that the Court perform a non-discretionary ministerial act required by Rule 65(d) – a requirement that the Seventh Circuit has clearly, and repeatedly, explained. *See Blue Cross and Blue Shield Assn. v. American Express Co.*, 467 F.3d 634, 636-37 (7th Cir. 2007) ("[Rule 65(d)] is an old rule, easy to understand and easy to follow; that it should be ignored repeatedly by both the judge and counsel in large-stakes commercial litigation is unfathomable."). Caremark therefore respectfully requests that the Court enter the proposed Temporary Restraining Order submitted by Caremark on November 15.

Very truly yours,

Peter J. Kocoras
Attorney for Plaintiff CaremarkPCS Health, L.P.

Attachment
cc:    Richard C. Godfrey, counsel for Defendant Walgreen Co. (via e-mail, w/ attachment)
       Andrew B. Bloomer, counsel for Defendant Walgreen Co. (via e-mail, w/ attachment)
       Michael A. Duffy, counsel for Defendant Walgreen Co. (via e-mail, w/ attachment)

---

[1] R.16, Walgreen Co.'s Memorandum in Opposition to Plaintiff's Motion for Temporary Restraining Order, at 13, 15.
[2] Exhibit A to this Letter, Transcript of November 13, 2007 Hearing, at 14.
[3] R.22, Walgreen Co.'s Supplemental Memorandum in Opposition to Plaintiff's Motion for a Temporary Restraining Order, at 4.